**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| A&H METALS, INC., | ) | |
| | ) | |
| Appellant/Plaintiff-Below, | ) | |
| | ) | |
| v. | ) | C.A. No.: CPU4-22-002409 |
| | ) | |
| ERIN BRADLEY ENTERPRISES, LLC | ) | |
| AND HUMPHRIES CONSTRUCTION | ) | |
| CO., INC., | ) | |
| | ) | |
| Appellees/Defendants-Below. | ) | |

Victoria K. Petrone
J. Garrett Miller
Baird Mandalas Brockstedt
Federico & Cardea, LLC
2711 Centerville Road, Suite 401
Wilmington, DE 19808
*Attorneys for Appellant*

Josiah R. Wolcott
Connolly Gallagher LLP
267 East Main Street
Newark, DE 19711
*Attorney for Appellees*

## ORDER

On October 14, 2022, A&H Metals Inc. (Appellant/Plaintiff-Below) appealed an order by the Justice of the Peace Court dismissing Appellant's action against Erin Bradley Enterprises, Inc. and Humphries Construction Co., Inc. (Appellees/Defendants-Below). The appeal was filed by Mr. Brian Perry, the Form 50 agent who represented Appellant in the court below. Soon after, Appellant retained counsel; and an entry of appearance was filed by counsel for Appellant on October 26, 2022.

Appellees filed the present Motion to Dismiss on December 12, 2022. Appellees argue that Appellant's appeal should be dismissed as it was not filed by an attorney pursuant to Delaware Supreme Court Rule 57(e)(1), thus rendering the appeal void. Appellant refutes Appellees' contention and asserts that the appeal is proper as it retained counsel soon after the commencement of the action in this Court.

A hearing on the Motion was held on January 27, 2023. During the hearing, the Court heard arguments from both parties. At the conclusion of the hearing, the Court requested supplemental briefing from Appellant on whether a prior Superior Court decision is dispositive as to Appellees' Motion.

Appellant filed its supplemental brief on February 27, 2023. In its brief, Appellant states that this Court is authorized to endorse its own rules. Appellant relies on the same case it cited in its Motion, wherein this Court previously held that entry by counsel was not required to perfect an appeal.[1] However, as the Court stated on the record during the hearing, a subsequent decision by the Superior Court essentially overruled this Court's *Porter* decision. In *Biddles Constr., LLC v. Seeley*, WL 6126251 (Del. Super. Ct. 2016), the Superior Court addressed the following

---

[1] In *Porter v. Doherty & Assoc., Inc.*, 2014 WL 6804723 (Del. Com. Pl.), appellants filed a JP Court appeal 14 days after the JP Court entered judgment. Appellants were informed by the Court Clerk that the appeal was deficient. The Clerk indicated that appellant's counsel was required to enter their appearance within 10 days, but appellant's counsel failed to do so. In denying appellee's motion to dismiss, this Court held that "there is no jurisdictional issue in the matter at hand because neither 10 Del. C. § 9571 nor Court of Common Pleas Civil Rule 72.3 requires counsel to enter an appearance in order to perfect an appeal."

question on appeal: is the Court of Common Pleas deprived of jurisdiction when a non-attorney files a timely notice of appeal on behalf of an artificial entity? In that case, the Superior Court first noted that Delaware courts have a longstanding preference for hearing appeals on the merits rather than dismissing a case on mere technicalities. However, it held that

> …in this case, the very act of filing was void because it was done by a person who lacked authority to file on behalf of the party. It was no mere technicality. Despite the apparent harshness of the outcome, in cases like this a defective pleading may serve to deprive the [c]ourt of [j]urisdiction.[2]

Similarly, here, the appeal filed on behalf of Appellant was not filed by a Delaware attorney. Thus, as the Superior Court's decision in *Biddles* is binding on this Court, it therefore dictates the outcome of the case at bar. Accordingly, the Court rules that the appeal filed on behalf of Appellant is void as it was not filed by a Delaware attorney.

## CONCLUSION

For the foregoing reasons, Appellee's Motion to Dismiss is GRANTED. This action is dismissed with prejudice.

**IT IS SO ORDERED** this 1st day of May, 2023.

Bradley V. Manning,
Judge

---

[2] Id. (citing *Kent Sussex Auto Care, Inc. v. Bd. of Adjustment*, No. 09A–02–002, 2009 WL 1152165, at *2 (Del. Super. Mar. 11, 2009) (quoting *Di's Inc. v. McKinney*, 673 A.2d 1199, 1202 (Del. 1996)).